IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| CARLA D. F., | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 4:22-CV-114-JFJ |
| | ) |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
| | ) |
| Defendant. | ) |

**OPINION AND ORDER**

Plaintiff Carla D. F. seeks judicial review of the decision of the Commissioner of the Social Security Administration denying her claim for disability benefits under Title II of the Social Security Act, 42 U.S.C. §§ 416(i), 423, and 1382c(a)(3). In accordance with 28 U.S.C. § 636(c)(1) & (3), the parties have consented to proceed before a United States Magistrate Judge. For reasons explained below, the Court affirms the Commissioner's decision denying benefits. Any appeal of this decision will be directly to the Tenth Circuit Court of Appeals.

**I.    General Legal Standards and Standard of Review**

"Disabled" is defined under the Social Security Act as an "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). A physical or mental impairment is an impairment "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3). A medically determinable impairment must be established by "objective medical evidence," such as medical signs and laboratory findings, from an

"acceptable medical source," such as a licensed and certified psychologist or licensed physician; the plaintiff's own "statement of symptoms, a diagnosis, or a medical opinion is not sufficient to establish the existence of an impairment(s)." 20 C.F.R. §§ 404.1521, 416.921. *See* 20 C.F.R. §§ 404.1502(a), 404.1513(a), 416.902(a), 416.913(a). A plaintiff is disabled under the Act "only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy . . . ." 42 U.S.C. § 423(d)(2)(A).

Social Security regulations implement a five-step sequential process to evaluate a disability claim. 20 C.F.R. §§ 404.1520, 416.920; *Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (explaining five steps and burden shifting process). To determine whether a claimant is disabled, the Commissioner inquires: (1) whether the claimant is currently working; (2) whether the claimant suffers from a severe impairment or combination of impairments; (3) whether the impairment meets an impairment listed in Appendix 1 of the relevant regulation; (4) considering the Commissioner's assessment of the claimant's residual functioning capacity ("RFC"), whether the impairment prevents the claimant from continuing her past relevant work; and (5) considering assessment of the RFC and other factors, whether the claimant can perform other types of work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(a)(4)(i)-(v). If a claimant satisfies her burden of proof as to the first four steps, the burden shifts to the Commissioner at step five to establish the claimant can perform other work in the national economy. *Williams*, 844 F.2d at 751. "If a determination can be made at any of the steps that a plaintiff is or is not disabled, evaluation under a subsequent step is not necessary." *Id.* at 750.

In reviewing a decision of the Commissioner, a United States District Court is limited to determining whether the Commissioner has applied the correct legal standards and whether the decision is supported by substantial evidence. *See Grogan v. Barnhart*, 399 F.3d 1257, 1261 (10th Cir. 2005). Substantial evidence is more than a scintilla but less than a preponderance and is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. *See id.* A court's review is based on the administrative record, and a court must "meticulously examine the record as a whole, including anything that may undercut or detract from the ALJ's findings in order to determine if the substantiality test has been met." *Id.* A court may neither re-weigh the evidence nor substitute its judgment for that of the Commissioner. *See Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005). Even if a court might have reached a different conclusion, the Commissioner's decision stands if it is supported by substantial evidence. *See White v. Barnhart*, 287 F.3d 903, 908 (10th Cir. 2002).

**II.      Procedural History and the ALJ's Decision**

Plaintiff, then a 59-year-old female, applied for Title II disability insurance benefits on June 10, 2019, alleging a disability onset date of April 1, 2018. R. 15, 193-194. Plaintiff alleged she was unable to work due to conditions including seizures, brain tumor, thyroid issues, and asthma. R. 214. Plaintiff's claim for benefits was denied initially on December 2, 2019, and on reconsideration on May 4, 2020. R. 83-123. Plaintiff then requested a hearing before an ALJ, and the ALJ conducted a telephonic hearing on February 23, 2021. R. 37-82. The ALJ issued a decision on June 2, 2021, denying benefits and finding Plaintiff not disabled because she could perform other work existing in the national economy. R. 15-31. The Appeals Council denied review, and Plaintiff appealed. R. 1-3; ECF No. 2.

The ALJ found that Plaintiff meets the insured status requirements of the Social Security Act through June 30, 2024.  R. 18.  At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity since her alleged onset date of April 1, 2018.  *Id*.  At step two, the ALJ found that Plaintiff had the following severe impairments: hypertension, adjustment disorder with anxiety and depressed mood, and unspecified neurocognitive disorder.  R. 19.  The ALJ found Plaintiff's impairments of seizure disorder, asthma, and pseudotumor cerebri to be non-severe.  *Id*.  At step three, the ALJ found that Plaintiff had no impairment or combination of impairments that was of such severity to result in listing-level impairments.  R. 21.  In assessing Plaintiff's mental impairments under the "paragraph B" criteria, the ALJ found that Plaintiff had moderate limitations in all four areas of (1) understanding, remembering, or applying information, (2) interacting with others, (3) concentrating, persisting, or maintaining pace, and (4) adapting or managing oneself.  R. 21-23.

After evaluating the objective and opinion evidence and Plaintiff's statements, the ALJ concluded that, through the date last insured, Plaintiff had the RFC to perform medium work, except as follows:

> The claimant should not do work involving exposure to unprotected heights, dangerous moving machinery, open flames, open bodies of water, or sharp objects such as knives or blades.  She is able to understand, remember, and carry out simple tasks with simple instructions in a routine work setting (such as specific vocational preparation (SVP) of 1 and 2).  She occasionally can tolerate changes in work processes.  She occasionally is able to interact with co-workers, supervisors, and the general public.  She should not be assigned to do tandem or team work.  She should not do commercial driving.

R. 23.  At step four, the ALJ found that Plaintiff was unable to perform any past relevant work.  R. 29.  However, based on the testimony of a vocational expert ("VE"), the ALJ found at step five that Plaintiff could perform other unskilled medium work, such as a Janitor, Dishwasher, and Hand Packer.  R. 30-31.  The ALJ determined the VE's testimony was consistent with the information

contained in the Dictionary of Occupational Titles ("DOT"). R. 31. Based on the VE's testimony, the ALJ concluded these positions existed in significant numbers in the national economy. *Id.* Accordingly, the ALJ concluded Plaintiff was not disabled from April 1, 2018, through the date of decision.

**III.   Issues**

Plaintiff raises two allegations of error on appeal: (1) the ALJ's RFC findings are not supported by substantial evidence; and (2) the ALJ failed to develop and/or follow the VE's testimony. ECF No. 11.

**IV.   Analysis**

    **A.   ALJ's RFC Was Supported by Substantial Evidence**

        **1.   Physical RFC**

Plaintiff contends it was unreasonable for the ALJ to conclude that Plaintiff would be capable of performing medium work, which includes lifting and carrying up to 50 pounds. She takes issue with the ALJ's reliance on the agency reviewing physicians' opinion that she could occasionally lift or carry up to 50 pounds, despite her advanced age of 59 at the time of evaluation and her history of seizures, fatigue, and stroke. *See* R. 92, 113-114 (agency opinions).

Plaintiff's argument is unavailing. The ALJ appropriately relied on the agency reviewers' opinion that Plaintiff could perform medium work. The ALJ found the agency reviewers' opinions "persuasive," because they were consistent with the medical evidence of record and their opinions were based on their review of the medical record and their expertise in the medical field. R. 28. In further support of this finding, the ALJ noted that Plaintiff was not always compliant with her medications for hypertension, and there was no indication that the physicians who treated Plaintiff placed lifting limits. *Id.*

Other evidence also supported the ALJ's conclusion that Plaintiff was capable of performing medium work. At her consultative exam in September 2019, Plaintiff demonstrated 5/5 strength in upper and lower extremities. R. 549. The ALJ indicated that the medical record did not indicate that Plaintiff was treated for impairments that that limited her exertional ability. R. 29. The ALJ further noted that, while Plaintiff testified she had difficulty holding that much weight and could lift only 20 pounds, such limitation was not reflected elsewhere in the record. *Id.* *See* R. 63 (Plaintiff testimony).

Plaintiff does not challenge the ALJ finding that Plaintiff's statements concerning the intensity, persistence, and limiting effects of her symptoms were not entirely consistent with the record (R. 27-28), and the Court will not reevaluate the ALJ's finding. Plaintiff also does not challenge the ALJ's evaluation of the agency opinions, nor does she offer any contrary evidence to indicate she was unable to lift 50 pounds on an occasional basis. The Court finds the ALJ's conclusion that Plaintiff could lift 50 pounds on an occasional basis was supported by substantial evidence.

    2.  **Mental RFC**

Plaintiff challenges the ALJ's mental RFC findings. Plaintiff contends the ALJ failed to account for the October 2019 findings and opinions of mental consultative examiner Peter Ciali, Ph.D. R. 556-560. Dr. Ciali performed several mental tests that revealed the following: a Patient Health Questionnaire ("PHQ-9") depression score of 18/27, a Generalized Anxiety Disorder ("GAD-7") test score of 13/21, and a Montreal Cognitive Assessment ("MoCA") score of 11/30. R. 559-560. Based on those test scores, Dr. Ciali's observations, and Plaintiff's own self-reported history and symptoms, Dr. Ciali opined that Plaintiff would not be capable of independently managing her funds in her own best interest. R. 560. Dr. Ciali opined her prognosis was guarded from a cognitive standpoint, and her ability to perform work related mental activities, including

remembering information, understanding instructions, and maintaining sustained concentration were markedly impaired. *Id.* He opined her ability to socially interact and adapt remained intact per self-report and observation. *Id.* Dr. Ciali diagnosed conditions of (1) adjustment disorder with anxiety and depressed mood, and (2) unspecified neurocognitive disorder (MoCA 11/30). *Id.*

The ALJ summarized Dr. Ciali's examination, including the mental testing. R. 27. The ALJ also considered Dr. Ciali's opinion. R. 29. The ALJ noted that the opinion was based on Plaintiff's self-report and Dr. Ciali's observations. *Id.* The ALJ noted Plaintiff did not seek mental health treatment and was not prescribed medication to treat her mental symptoms. *Id.* The ALJ concluded Dr. Ciali's opinion was not supported by his own examination of Plaintiff, which indicated Plaintiff was fully oriented, and by Plaintiff's ability to provide her own medical history to Dr. Ciali during the exam despite her memory impairment. *Id.* The ALJ noted Plaintiff was able to complete multiple questionnaires during the exam. The ALJ also explained Dr. Ciali's "markedly impaired" opinion did not specify the extent of the limitations. *Id.* Based on those findings, the ALJ concluded Plaintiff could still perform unskilled work tasks. *Id.*

Plaintiff contends that, had the ALJ properly considered the test results from Dr. Ciali's examination, the mental RFC would have been more restricted. Plaintiff's argument is unavailing. The Court identifies no error in the ALJ's evaluation of Dr. Ciali's opinion. The ALJ summarized Dr. Ciali's findings, and she found his opinion unpersuasive based on lack of consistency with Dr. Ciali's own examination of Plaintiff and lack of supportability in the medical record. R. 27, 29. *See* 20 C.F.R. § 404.1520c(b)-(c) (explaining requirements for evaluating medical source opinions). Other than Plaintiff's mental test scores, which the ALJ addressed, Plaintiff identifies no records in support of Dr. Ciali's opinion or a more restricted mental RFC. As explained above, Plaintiff does not challenge the ALJ's consistency finding regarding Plaintiff's statements, and the

ALJ's findings regarding Dr. Ciali's opinion were based in part on Dr. Ciali's reliance on Plaintiff's statements.

In addition, the ALJ fully considered Plaintiff's mental impairments and found that she had the severe mental impairments of (1) adjustment disorder with anxiety and depressed mood, and (2) unspecified neurocognitive disorder, which are identical to Dr. Ciali's diagnostic impressions. *See* R. 19, 560.  In support of the mental RFC, the ALJ explained that imaging in April 2019 of Plaintiff's brain did not show abnormality (R. 346), and her impairments could be adequately accommodated.  R. 29.  The agency psychological reviewers, whose opinions the ALJ found persuasive, also considered Dr. Ciali's testing results, observations, and opinions, and concluded Plaintiff could perform simple tasks of 1-2 steps with routine supervision; could interact appropriately with coworkers and supervisors for incidental work purposes as well as the public; and could adapt to a work setting and some forewarned changes in a usually stable work setting. *See* R. 28, 96, 118-119.

Plaintiff fails to show that the RFC insufficiently accounted for her mental impairments or that the ALJ's analysis of her mental impairments was otherwise inadequate.  Plaintiff simply invites the court to re-weigh the evidence, which is not permitted.  *See Hackett*, 395 F.3d at 1172; *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007).

B.      **ALJ Properly Considered VE Testimony**

Plaintiff contends the ALJ failed to follow the VE's testimony in this case regarding the vocational implications of Plaintiff's mental impairments.  At the hearing, Plaintiff posed a hypothetical question to the VE that included a "marked" impairment in the mental ability to remember information, understand instructions, and maintain sustained concentration, consistent with Dr. Ciali's opinion at the psychological consultative exam.  R. 78.  *See* R. 560 (Dr. Ciali opinion).  In response to this question, the VE testified that such a "marked" mental limitation

would preclude competitive employment, because it would reduce the ability to concentrate. R. 80-81. Plaintiff objects to the ALJ's refusal to adopt such a "marked" mental limitation into the RFC and follow the VE's testimony that no competitive employment would remain with such a mental limitation.

Plaintiff's argument fails. The VE's testimony in this regard was in response to a hypothetical question incorporating a "marked" mental limitation, which was not included in the ALJ's RFC. Therefore, the ALJ was under no obligation to adopt such a mental limitation. As explained above, the ALJ appropriately considered and rejected Dr. Ciali's opinion regarding the severity of Plaintiff's mental limitations. R. 29. Instead, the ALJ largely adopted the mental RFC opinions of the psychological agency reviewers, and her hypothetical to the VE incorporated those mental limits. R. 76. *See Bean v. Chater*, 77 F.3d 1210, 1214 (10th Cir. 1995) (finding that a hypothetical question to VE must contain "only . . . those impairments borne out by the evidentiary record"). The Court identifies no error in the ALJ's consideration of the VE testimony.[1]

## V.    Conclusion

For the foregoing reasons, the Commissioner's decision finding Plaintiff not disabled is **AFFIRMED.**

**SO ORDERED** this 10th day of July, 2023.

_____
JODI F. JAYNE, MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT

---

[1] In her concluding paragraph, Plaintiff appears to argue the ALJ failed to develop the record during the disability hearing. ECF No. 11 at 10. Plaintiff does not elaborate on this vague argument, and the undersigned finds that it is insufficiently developed for judicial review. *See Femedeer v. Haun*, 227 F.3d 1244, 1255 (10th Cir. 2000) ("Perfunctory complaints that fail to frame and develop an issue are not sufficient to invoke appellate review.") (cleaned up).